O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GARBER, | Case No. CV 10-07144 DDP (RNBx) |
| Plaintiff, | **ORDER RE: STATEMENT OF THE CASE** |
| v. | [Dkt. No. 108] |
| MOHAMMADI, #36506, Lead-officer for the Los Angeles Police Department: et al., | |
| Defendants. | |

Presently before the court is Plaintiff Robert Garber ("Plaintiff")'s Motion for an Order Finding Plaintiff Factually Innocent of the Alleged Attempt to Kidnap a Child []. (Dkt. No. 108). The matter has been briefed. Having considered the parties' submissions and heard oral argument, the court adopts the following Order.

The only claim remaining in this action is a claim for excessive force under the Fourth Amendment of the U.S. Constitution arising from Defendant Hamed Mohammadi ("Defendant")'s arrest of Plaintiff on August 7, 2010. In the present motion, Plaintiff seeks

an order stating that he is "factually innocent" of an alleged attempted kidnaping of a child that was the basis for his arrest.

Under the facts of this case, it appears that the only circumstance under which a court would issue a declaration finding Plaintiff "factually innocent" arises in the context of California's criminal arrest expungement statute, Cal. Penal Code § 851.8. Under that statute, where a person has been arrested but not charged with a crime, the person may petition the law enforcement agency having jurisdiction over the offense to destroy its records of the arrest. § 851.8(a). If the law enforcement agency denies the petition, the person may file a petition in California state superior court. See § 851.8(b). The state superior court may then make a finding, based upon declarations, affidavits, police reports, or other evidence submitted by the parties, that the petitioner is factually innocent and issue an order for the sealing and destruction of records concerning the arrest. Id.

However, even if Plaintiff's motion were construed as a petition for expungement pursuant to Cal. Penal Code § 851.8, this federal district court has no jurisdiction to consider such a petition, which, as noted, must be filed in California state superior court. Cal. Penal Code § 851.8(b). Such a petition would likely be time-barred in the present case because petitions for relief under Cal. Penal Code § 851.8 must be filed within two years of the arrest at issue, which in this case occurred in August 2010. Cal. Penal Code § 851.8(l). Moreover, a finding of factual innocence by a state court would not be admissible as evidence in the present action. See Cal. Penal Code § 851.8(i)(1).

To the extent that Plaintiff's goal in filing the instant motion is to obtain a court finding regarding the disposition of any charges against him in relation to the August 7, 2010 arrest for the purposes of presenting such finding to the jury, the court will address the matter by reading to the jury the following Statement of the Case at the outset of trial:

> In this civil case, Plaintiff Robert Garber contends that he was subjected to unreasonable force by a Los Angeles Police Department officer, Defendant Hamed Mohammadi, during an arrest.
>
> On August 7, 2010, in the course of responding to a call regarding the possible attempted kidnaping of a child, police officers, including Mr. Mohammadi, arrested Mr. Garber.
>
> Mr. Garber alleges that, in the course of his arrest, Mr. Mohammadi used excessive force in violation of his rights under the Fourth Amendment of the U.S. Constitution.
>
> The court has previously determined that the officers had probable cause to arrest Mr. Garber. Probable cause, in this context, is the legal standard for the lawful arrest of a person. A finding of probable cause is based upon the information available to the police at the time of an arrest. It is not a finding that the person has committed any crime.
>
> After Mr. Garber was arrested, upon further investigation, the police determined that no attempted kidnaping had occurred and there was no basis to charge Mr. Garber with a crime.
>
> The jury is tasked solely with determining whether Mr. Mohammadi used excessive force in carrying out the arrest of Mr. Garber. Prior to its deliberations, the jury will receive further instructions regarding Mr. Garber's excessive force claim.

The court understands Mr. Garber's concern that he not be associated with an alleged attempted kidnaping. However, the court believes that instructing the jury that, "upon further investigation, the police determined that no attempted kidnaping had occurred and there was no basis to charge Mr. Garber with a crime," will sufficiently address Mr. Garber's concern and

eliminate any prejudice to him arising from the reason for the arrest.

IT IS SO ORDERED.

Dated: July 16, 2014

                                      DEAN D. PREGERSON
                                      United States District Judge